# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARLOWE MALONE,
Plaintiff,

vs.

NURSE PRACTITIONER
CONLEY, et al.,
Defendants.

Case No. 1:17-cv-413

Black, J.
Litkovitz, M.J.

**REPORT
AND RECOMMENDATION**

Plaintiff, a former inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action under 42 U.S.C. § 1983 against SOCF Nurse Practitioner Conley and three John/Jane Doe defendants alleging a violation of his constitutional rights. This matter is before the Court on defendant Conley's motion to dismiss (Doc. 9), plaintiff's memorandum in opposition (Doc. 15), and defendant's reply memorandum (Doc. 17). This matter is also before the Court on plaintiff's motion to amend the complaint to identify the John and Jane Doe defendants (Doc. 16) and defendant's memorandum in opposition (Doc. 18).

## I. Defendant Conley's motion to dismiss

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges that on July 15, 2016, he began a hunger strike to protest "an arbitrary guilty finding by the Rules Infraction Board" for manufacturing "hooch (alcohol)." (Doc. 3 at 2). He states that on July 18, 2016, he began to experience symptoms of his chronic conditions of pulmonary embolism and diabetes, including shortness of breath, light-headedness, fainting, and "possibly seizures." (*Id.*). Plaintiff alleges he brought this to the attention of Jane/John Doe nurse during medical rounds.

On July 24, 2016, plaintiff submitted a health service request slip complaining about his symptoms. He alleges he was seen by Nurse Hill on July 26, 2016 and explained to her his

symptoms. That same day, plaintiff states he was seen by defendant Conley. Plaintiff informed Conley of his symptoms and Conley allegedly told plaintiff he would do nothing for plaintiff until plaintiff stopped his hunger strike.

On July 31, 2016, Nurse Jane Doe gave plaintiff his medication and saw he was passed out on the floor. One hour later, she returned to plaintiff's cell, administered a finger stick, and observed plaintiff's sugar levels were extremely low. One-half hour later, plaintiff "was rushed to the infirmary to have a physical examination." (*Id.*).

Plaintiff alleges that on August 8, 2016, John/Jane Doe nurse falsely documented information in an examination report to reflect that plaintiff was alert and oriented, had even and unlabored respirations, and was in no acute distress following an incident where plaintiff stumbled while being escorted from the shower.

On August 9, 2016, plaintiff ended his hunger strike. He alleges that Nurse Conley drew his blood, which "showed serious deficiencies." (Doc. 3 at 3). Conley drew plaintiff's blood the following day and plaintiff was admitted to the Ohio State University Hospital, where he received two blood transfusions.

Plaintiff alleges that defendant Conley violated his First and Eighth Amendment rights. He also alleges that the John and Jane Doe defendants violated his Eighth Amendment rights.

Defendant Conley seeks dismissal of the complaint on the basis it fails to state a claim for relief. Defendant Conley also alleges he is entitled to qualified immunity. Defendant argues that plaintiff had no right to engage in a hunger strike that detrimentally affected his health. Defendant alleges "there is no requirement for Defendant to provide treatment outside of him instructing Plaintiff to end the strike to negate his health ailments" and, therefore, defendant is

3

entitled to qualified immunity. (Doc. 9 at 5).

### A. Plaintiff's First Amendment Claim Against Defendant Conley

Plaintiff's complaint alleges that defendant Conley violated his "First Amendment rights of freedom of speech and right to assemble through the denial of medical attention until plaintiff came off his hunger strike." (Doc. 3 at 3). Liberally construed, plaintiff alleges a First Amendment retaliation claim against defendant Conley in that Conley refused plaintiff medical care in retaliation for plaintiff's exercise of his alleged "right" to a hunger strike.[1]

Defendant Conley does not specifically acknowledge plaintiff's First Amendment claim or seek dismissal of this claim. It is not clear whether plaintiff had a clearly established First Amendment right to engage in a self-imposed hunger strike to contest the conditions of his confinement. *See Stefanoff v. Hays Cty., Tex.*, 154 F.3d 523, 527 (5th Cir. 1998) (a hunger strike may be protected by the First Amendment if it was intended to convey a particularized message) (citing *Texas v. Johnson*, 491 U.S. 397, 404 (1989)); *Dumbrique v. Brunner*, No. 14-cv-02598, 2016 WL 3268875, at *15 (N.D. Cal. June 15, 2016) (collecting cases). The Court declines to recommend dismissal of plaintiff's First Amendment claim at the current juncture in the absence of any briefing of the issue by the parties. Therefore, the motion to dismiss should be denied in this regard.

### B. Plaintiff's Eighth Amendment Deliberate Indifference Claim Against Defendant Conley

To state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner

---

[1] To state a First Amendment retaliation claim, a prisoner must allege facts showing he was (1) engaged in protected conduct; (2) he suffered an adverse action; and (3) a causal connection exists between the protected conduct and the adverse action. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). *See also Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004).

4

"must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Comstock v. McCraty*, 273 F.3d 693, 702 (6th Cir. 2001). Plaintiff must allege facts showing that the "alleged mistreatment was objectively serious," and that prison officials "subjectively ignored the risk to the inmate's safety." *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013) (citing *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)). Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Liberally construed, plaintiff's complaint alleges facts showing that he suffered from the objectively serious medical conditions of pulmonary embolism and diabetes. He alleges that he experienced "symptoms of his chronic conditions," including shortness of breath, light-headedness, fainting, and possibly seizures. (Doc. 3 at 2). Plaintiff further alleges that he informed defendant Conley about these symptoms but Conley declined to provide him any treatment for these symptoms until plaintiff ended his hunger strike. (*Id.*). Defendant's characterization of the "treatment" provided by Conley - "an instruction to end the strike" - is not

accurate. After plaintiff allegedly informed Conley about his symptoms of shortness of breath, light-headedness, fainting, and possible seizures, Conley allegedly "told plaintiff that he would not do nothing for plaintiff until he came off his hunger strike." (Doc. 3 at 2). Plaintiff further alleges that only after plaintiff ended his hunger strike did Conley test plaintiff's blood, which resulted in plaintiff's admission to the hospital for two blood transfusions. Accepting plaintiff's allegations of fact as true, as the Court must on a motion to dismiss, plaintiff's complaint adequately alleges facts meeting the objective and subjective components of an Eighth Amendment deliberate indifference claim. Thus, defendant's motion to dismiss plaintiff's Eighth Amendment claim should be denied.

The Court is not persuaded by defendant's contention that when an inmate voluntarily participates in a hunger strike, prison officials are not "required to provide him with treatment to alleviate his health ailments while he was so engaged." (Doc. 9 at 5). The cases cited by defendant do not stand for the proposition that where an inmate threatens his own pre-existing health conditions by engaging in a self-imposed hunger strike, a prison official is justified in withholding medical treatment until the inmate ends his hunger strike. *Freeman v. Berge*, 441 F.3d 543 (7th Cir. 2006), cited by defendants (Doc. 9 at 5), did not involve a self-imposed hunger strike by a prison inmate. Rather, the inmate in *Freeman* was not given a meal tray on a number of occasions when he refused to comply with the prison's feeding rule requiring inmates to wear trousers or gym shorts when meals are delivered to their cells. As a result of the number of meals he skipped over a period of two and one-half years when he refused to put on pants, the inmate lost 45 pounds. The court determined that the prison rule was a reasonable condition of the receipt of food in light of the security issues and respect for female security officers' privacy.

Therefore, the court held that the withholding of food from the inmate who refused to comply with the rule was not cruel and unusual punishment under the Eighth Amendment. Notably, the Seventh Circuit stated that even when an inmate causes his own deprivation of a necessity, such as food, prison officials must maintain due concern for the inmate's health and safety. The court stated that its holding in no way permits prison officials to "allow a prisoner to starve himself to death, or even starve himself to the point at which he seriously impairs his health." *Id.* at 546. The Seventh Circuit's admonition strongly suggests that prison officials are not absolved from their duty to provide inmates with the necessities of life, including medical care, even in the face of a self-imposed hunger strike by an inmate.

Defendant has cited no legal authority for the proposition that a prison official can withhold basic necessities as a consequence of an inmate's hunger strike and the Court is aware of no Sixth Circuit authority on point. In addition, plaintiff alleges more than the "temporary discomfort" and weight loss that were found insufficient to raise an Eighth Amendment claim in the other cases cited by defendant. (Doc. 9 at 6, citing *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011); *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005)). Plaintiff has stated a claim for relief under the Eighth Amendment and defendant Conley is not entitled to qualified immunity on this claim.

## II. Plaintiff's motion to amend the complaint to identify the John and Jane Doe defendants

Plaintiff moves to amend the complaint to identify RN Nurse Barney, RN Nurse Hill and LPN Nurse Durham as the John and Jane Doe defendants. (Doc. 16). For the reasons that follow, plaintiff's motion to amend should be denied.

The granting or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend should be liberally granted. *Foman v. Davis*, 371

7

U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff's motion for leave to amend the complaint to substitute the identified individuals for the John and Jane Doe defendants should be denied on the ground of futility. Plaintiff does not allege in his original complaint or his motion to amend that any one of the newly-named individuals acted, or failed to act, with deliberate indifference to plaintiff's serious medical needs and that he was harmed as a result.

Plaintiff's original complaint alleges that on July 18, 2016, he advised the John/Jane Doe nurse during medical rounds that he was experiencing shortness of breath, light-headedness, fainting and possible seizures. (Doc. 3 at 2). However, plaintiff fails to allege any facts showing what the nurse did or failed to do that would amount to deliberate indifference to plaintiff's medical needs.

Next, plaintiff alleges that on July 31, 2016, Nurse Jane Doe gave him medication and administered a finger stick. She discovered his sugar levels were low and plaintiff was transferred to the infirmary. Plaintiff has failed to allege any facts indicating Nurse Jane Doe was deliberately indifferent to his medical needs. At most, plaintiff alleges that Nurse Jane Doe participated in his medical care. This alone is insufficient to state a claim for relief under the

Eighth Amendment.

Finally, plaintiff alleges that on August 8, 2016, John Doe or Jane Doe nurse falsely documented his medical condition in plaintiff's medical exam report. However, plaintiff's complaint is devoid of any facts that would support an inference that the alleged misrepresentation affected his medical care or condition or impeded his ability to obtain medical treatment. Indeed, the following day, plaintiff was examined by defendant Conley and the day after that plaintiff was admitted to the hospital for treatment.

Plaintiff's allegations concerning the John Doe and Jane Doe defendants are insufficient to support an inference that these individuals are liable for the alleged violation of plaintiff's Eighth Amendment rights. *See Iqbal,* 556 U.S. at 678 (a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because plaintiff has not alleged any facts which permit a reasonable inference that these individuals violated plaintiff's Eighth Amendment rights, plaintiff's motion for leave to add named parties to the complaint in place of John/Jane Doe defendants should be denied on the ground the proposed amendment would be futile.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Conley's motion to dismiss be **DENIED**.

2. Defendant Conley be granted an extension of time until 20 days after any Order adopting this Report and Recommendation to file a responsive pleading.

3. Plaintiff's motion to amend the complaint be **DENIED.**

Date: 4/2/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| MARLOWE MALONE,<br>Plaintiff,<br><br>vs.<br><br>NURSE PRACTITIONER<br>CONLEY, et al.,<br>Defendants. | Case No. 1:17-cv-413<br><br>Black, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).